Donald L. Cobb
1421 D Street NE
Washington, DC 20002
E-mail address: cbbdnld@yahoo.com

Civil Action No.

FILED
FEB - 4 2015
U.S. District & Bankruptcy
for the District of Columbia

Henrietta Vines

Case: 1:15-cv-00176
Assigned To : Unassigned
Assign. Date : 2/4/2015
Description: Pro Se Gen. Civil

Jury Demand

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

Donald L. COBB, on behalf of the UNITED STATES of AMERICA and individually, Plaintiffs

v.

| | | |
|---|---|---|
| State of California | William W. Lockyer | Anthony Williams |
| Calif. Transp. Cmsn. | Steve Westley | Linda Cropp |
| Metro. Transp. Cmsn. | Larry P. Barnes | Carol Schwartz |
| So. Calif. Assn. of Gov'ts. | Maria Shriver | Irving Nathan |
| San Diego Assn. of Gov'ts. | Janice Seurly | Cathy Lanier |
| Sacramento Area Cncl of Gov'ts | District of Columbia | Peter Nickles |
| County of Sacramento Bd of Supes | Vincent C. Gray | Linda Argo |
| San Joaquin Cncl of Gov'ts | Phil Mendelson | Patrick J. Canavan |
| Tulare County Assn of Gov'ts | Jim Graham | E.M. Bentley, III |
| Shasta Regional Transp. Agency | Jack Evans | Howard Gibbs |
| Butte County Assn of Gov'ts | Mary Cheh | Kenneth Davis |
| Tehama County Transp. Cmsn. | Muriel Bowser | Rita Jordan |
| Arnold Schwarzenegger | Tommy Wells | |
| Joseph G. Davis, Jr. | Yvette Alexander | |
| Peter B. Wilson | Adrian Fenty | |

Complaint for summary deposition, money damages and violations of the False Claims Act. This matter involves a federal question.

RECEIVED
DEC 29 2014
Clerk, U.S. District and
Bankruptcy Courts

# OPENING STATEMENT

(1)

The STATE of California acting in Concert with its Municipal Planning Organizations have repeatedly secured substantial amounts of Federal-aid Highway Program funds by knowingly presenting false and fraudulent Claims to the Federal Highway Administration ("FHWA") and by doing so have imperiled the lives of California motorist as well as jeopardized the livelihoods and professional reputations of State, County and municipal employees by their violations of Federal, State and local laws, rules and regulations.

## JURISDICTION AND VENUE

(2)

This Court has jurisdiction over Plaintiffs' claims pursuant to 31 USC 3732, 28 USC 1331 and 1343(a)(3).

This Court has supplemental jurisdiction over Plaintiffs' 42 USC 1985 Claims; 28 USC 1367(a).

Plaintiff Cobb filed noticed on the District of Columbia in accordance with D.C. Official Code, 2001 ed., section 12-309 on March 20, May 12 and June 29, 2014.

(3)

Plaintiff seeks a trial by jury on all issues and matters that can be so Tried. Fed. R. Civ. P. Rule 38 b.

Cobbdnld@yahoo.com

## PARTIES

(4)

The United States is a Sovereign Country with a federal government and fifty (50) semiautonomous territories bound under one national Constitution that empowers its Constitutional Courts to hear all action at law or in equity, where the United States is a party. Article III, section 2, United States Constitution.

(5)

Ronald L. Cobb ("Plaintiff Cobb") is a United States Citizen authorized under federal statutory law to bring this Action on behalf of the United States and for himself. 31 USC 3730 (b)(1)

(6)

Henrietta Jones was a career federal government worker with over thirty (30) years of service with the United States Department of Defense; and was a long-time resident of the District of Columbia.

(7)

The State of California is a territory of the United States answerable to its laws, rules and regulations. 31 USC 3733 (l)(4) Article III, section I, Constitution of the State of California. The State of California transacts business with the municipal Corporation known as the District of Columbia and has an office located a 144 North Capitol Street NW, Washington, DC 20001.

(8)

The California Transportation Commission ("CTC") is a twelve (12) member advisory board that distributes federal-aid dollars earmar for the State's transportation network based on the recommenda

it recieves from the State of California Department of Transportation. See California Business and Professions Code, section 6700. The CTC's official address is 1120 N Street (MS 52), Sacramento, CA 95814

(9)

The following political subdivisions are Municipal Planning Organizations (MPOs) as defined by 23 USC 134(b)(2) with each of the MPOs respective official address:

Metropolitan Transportation Commission, 101 Eighth Street, Oakland CA, 94607; Southern California Association of Governments, 818 W. 7th Street, 12th FL. Los Angeles CA, 90017; San Diego Association of Governments, 401 B Street, Ste. 800, San Diego, CA 92101; Sacramento Area Council of Governments, 1415 L Street, Ste. 300, Sacramento, CA 95814; San Joaquin Council of Governments, 555 Weber Avenue, Stockton, CA 95203; Tulare County Association of Governments, 210 N. Church Street, Suite B, Visalia, CA 93291; Shasta Regional Transportation Agency, 1255 East Street, Suite 202, Redding, CA 96001; Butte County Association of Governments 2580 Sierra Sunrise Terrace, Suite 100, Chico, CA 95928

(10)

Tehama County Transportation Commission (TCTC) is an advisory board assembled for the purpose of identifying the County's and its municipalities existing and projected transportation needs. TCTC's offiual address is 9380 San Benito Avenue, Tehama, CA 96305.

(11)

The County of Sacramento Board of Supervisors is a body corporate and politic, section 1, article I, Sacramento County Charter (1933), comprised of five (5) publicly elected officials each representing one of the 5 political subdivisions of Sacramento County.

(12)
Arnold Schwarzenegger was the State of California's ("California") governor from 2004 to 2011.

(13)
Joseph G. Davis, Jr. was California's governor from 1999 to 2003. Mr. Davis is a citizen of California and his address is 5900 Canterbury Drive, Apt. A103, Culver City, CA 90203.

(14)
Peter B. Wilson was California's governor from 1991 until 1999.

(15)
William W. Lockyer was California's attorney general from 1999 to 2007 and is the State's current Treasurer.

(16)
Steve Westley was California's Controller from 2002 until 2006.

(17)
Larry P. Barnes was the California's Department of Transportation Central Region Resource Management Division Chief and headquarters Budgets Program manager at all times relevant to this Action.

(18)
~~Maria Shriver~~ was California's First Lady from 2004 until 2011 and served as Honary Chair of Catholic Big Brothers Big Sisters' California Volunteers.

(19)
Janice Scully is the district attorney for the County of Sacrament California. Ms. Scully's office address is 901 G Street, Sacramento, CA. 95814.

(20)
Parties named in paragraphs ?

through[19] will be referred to collectively as <u>Class I defendants</u>.

(21)

<u>The District of Columbia</u> is a municipal corporation comprised of thirteen (13) publicly elected officials: a mayor and twelve (12) members of the Council of the District of Columbia ("D.C. Council"). The physical location of the municipal corporation known as the District of Columbia and the official business address of its corporate officers is the John A. Wilson Building, 1350 Pennsylvania Avenue NW, Washington, DC 20004. <u>D.C. OFFICIAL CODE 2001 Ed. Section 102 and 103</u>.

(22)

<u>Vincent C. Gray</u> is the current mayor of the District of Columbia ("District") and serves as the City's chief executive.

(23)

<u>Phil Mendelson</u> is the Chairman of the D.C. Council; is the former Chair of the Council's Committe of the Judiciary; and was Chairman of the Metropolitan Washington Council of Governments' ("COG") National Capital Region Transportation Planning Board — a MPO.

(24)

<u>Jim Graham</u> is a member on the D.C. Council from the District Ward 1.

(25)

<u>Jack Evans</u> is a member on the D.C. Council from the District's Ward 2; is Chair of the Council's Committee on Finance and Revenue; and is with the law and lobbying firm Patton Boggs.

(26)

Mary Chen; Tommy Wells - Committee of the Judiciary chair; and Yvette Alexander are members on the D.C. Council from the District's Ward 3, 6 and 7 respectively.

(27)

Muriel Bowser is a member on the D.C. Council from the District's Ward 4 and Chaired the Council's Committee on Public Services and Consumer Affairs at all times relevant to this Action.

(28)

Adrian Fenty served as the District's mayor from 2007 until 2011; was a member on the D.C. Council from Ward 4 from 2000 until 2007; was a member on COG's Transportation Planning Board; and former member of the Commission on Black Men and Boys. Mr Fenty is a Citizen of the District and resides at 4712 17th Street NW, 20011.

(29)

Anthony Williams served as the Mayor of the District of Columbia from 1998 until 2007; was President of the National League of Cities from 2004 until 2006; a Catholic University of America Trustee; and is currently with the D.C. law firm of Mckenna, Long and Aldridge. Mr Williams is a D.C. resident; his address is 201 I Street NE, 20002.

(30)

Linda Cropp was chair of the D.C. Council from 1997 until 2007 and lives in the District of Columbia. Ms. Cropp's address is 4001 18th Street NW, 20011.

(31)

Carol Schwartz served as chair of the D.C. Council's Committee on Public Works and the Environment from 1999 until 2006; was chair of COG's Homeland Security Task Force; and was a member on the Metropolitan Police Boys and Girls Club Board of Directors. Ms. Schwartz resides in the District; her address is 2029 Connecticut Avenue, NW 20008.

(32)

Irving Nathan is the Attorney General for the District of Columbia. Mr. Nathan's official business address is 441 4th Street NW 20001.

(33)

Cathy Lanier is Chief of the District of Columbia's Metropolitan Police Department. Chief Lanier's official business address is 300 Indiana Avenue NW, 20001.

(34)

Peter Nickles was the attorney general for the District of Columbia from 2007 until 2011. Mr. Nickles is a resident of the Commonwealth of Virginia; his address is 825 Crews Road, Great Falls, Virginia 22066.

(35)
Linda Argo was the director of the District's Department of Consumer and Regulatory Affairs ("DCRA") from 2007 until 2011. Ms. Argo lives in the District; her address is 2877 Arizona Avenue NW, 20016.

(36)
Patrick J. Canavan was DCRA director from 2005 until 2007.

(37)
Eugene M. Bentley III is Chair of DCRA's Board of Professional Engineering ("Board"). D.C. OFFICIAL CODE 2001 Ed. Section 47-2853.6(c). The Board's official business address is 1100 4th Street SW, 20024

(38)
Howard Gibbs is the Board's Vice-Chair; Kenneth Davis its Secretary-Treasurer.

(39)
Rita Jordan is a DC. Government employee and DCRA Testing Coordinator. Ms. Jordan's official business address is 1100 4th Street SW, 20024.

Parties named in Paragraphs 21 through 39 above will collectively referred to as Class II defendants.

Cbbolnld@yahoo.com

# FACTS

## A. INTRODUCTION

(40)

Donald L. Cobb ("Plaintiff Cobb") was a permanent civil servant employed by the State of California for over a decade and worked for the State of California Department of Transportation ("Caltrans") in the capacity of Transportation Engineer (Civil) - Range C. Cobb as a Transportation Engineer with Caltrans' Division of Maintenance had the responsibility of conducting site investigations at the locations of County and City-owned bridges built over creeks, streams and other types of waterways; collecting pertinent field data; determining if a Local Agency bridge was unstable due to erosion of streambed material that supported its foundation - i.e., scour critical; and producing accurate Bridge Inspection Reports (BIRs) based on his findings for internal and external distribution. Plaintiff Cobb performed all lawful task asked of him by supervisory personnel diligently.

(41)

Between July 2001 and January 2005 Cobb complained to authorities concerning improper governmental conduct. More specifically, suspected fraud, waste and abuse of power with respect to Caltrans' federally-funded Scour Critical Program, 23 USC 144. As a response to Plaintiff Cobb's behavior protected under the Federal

Cbbdnld@yahoo.com

Constitution U.S. CONST. amend. I, State of California Constitution, CAL. CONST. art. I sec. 2, Federal statutory law, 28 USC 3729 et seq. and state of California statutory public policy, CAL. GOV'T CODE sec. 12653, Plaintiff was subjected to, by his employer — the State of California multiple adverse personnel actions before being dismissed for the pretextural reason of not submitting his time sheets.

(42)

Subsequent to Plaintiff Cobb's wrongful termination the State of California and others including former governors' Arnold Schwarzenegger, Joseph G. (Gray) Davis, Peter B. (Pete) Wilson; D.C. publicly elected officials including Vincent C. Gray, Adrian Fenty, Anthony Williams, Phil Mendelson, Muriel Bowser used their substantial collective financial and noneconomic resources to prevent the plaintiff from obtaining employment and legal representation for nearly a decade.

(43)

As a result of Defendants' unlawful, immoral and unjustifiable conduct the United States, Plaintiff Cobb and Cobb's family have suffered and continue to suffer.

B. July 2001 — May 2003

(44)

For the majority of the time between February 14, 2000 and January 12, 2005 Plaintiff Cobb worked out of Caltrans Division of Maintenance Office of Hydrology and Hydraulics Office-

(45)

The office of Hydrology and Hydraulics ("Hydraulics Office") has four (4) highly-interconnected branches: Capital Outlay Support-Hydraulics; Scour Mitigation; State Scour Evaluations; and Local Agency Scour Evaluations. Hydraulics office engineers develop hydraulic studies for locations where Caltrans or local agency facilities encroach flood plains; assist with the review of Consultant designed projects; assist in inspecting bridges that have been damaged by flood; and evaluate bridges that are a part of the National Highway System as well as those in the State of California inventory for scour.

(46)

On or about July 24 2001 Plaintiff Cobb expressed to immediate supervisor Steven D. Jaques – Local Agency Scour Evaluation branch chief – his concerns regarding the apparent randomness in which bridges were being assigned National Bridge Inventory ("NBI") 113 Scour Code ratings. See Federal Highway Administration ("FHWA") Technical Advisory T5140.23, "Evaluating Scour at Bridges".

(47)

For nearly a year, eight months to be exact, after Plaintiff Cobb's discussion with Mr. Jaques, the Plaintiff was subjected to an unrelenting pattern of harassment by Hydraulics Office personnel. More specific, State Scour Evaluations engineers Yihwin Huang and David Stoughton, directed daily, at Cobb veil threats of physical harm in the presence of Hydraulics Office supervisory personnel: Steve Ng, William B. (Bill) Lindsey, Kevin Flora and Steven D. Jaques.

(48)

On May 10, 2002 Plaintiff Cobb was agained threatened. This time by a coworker; Shane Stirling. Cobb immediately reported the incident to Hydraulics office chief Bill Lindsey prior to requesting administrative leave until the matter was thorougi-ly investigated. The State of California through Bill Lindsey denied Cobb's request forcing the Plaintiff to exhaust his vacation leave prior to taking a planned one-year unpaid leave of absence. 29 USCA 645(a).

(49)

On June 9, 2002 Plaintiff was back in the District of Columbia ("DC") and began to actively and agressively look for work; however, unknown to Cobb at the time Kelvin Glymph, a member of the 100 Black Men of Greater Washington organization and Horace O. Ward had, directly or indirectly, informed then-DC mayor Anthony Williams and former House Oversight and Government Reform Committee Chairman Thomas P. Davis, III why, among other things, Cobb had abruptly left the State. Also, the Plaintiff was unaware that Williams, Davis and others had decided that Cobb would return to his employer - i.e., the State of California Department of Transportation at the end of his unpaid one-year leave of absence as scheduled.

(50)

On or about June 30, 2002 the State of California knowingly and willfully made false statements to the Western Division office of FHWA (1) by submitting inaccurate Structure Inventory and Appraisal inspection data, 23 CFR Part 650 Subpart

for local agency bridges; and (2) purposely misclassifying said bridges as having unknown foundations. A bridge with an unknown foundation is one that does not have sufficient information to evaluate it for (bridge) scour.

(51)

On October 26, 2002 Plaintiff Cobb sat for the Engineer-In-Training examination ("EIT"). The EIT is the first of two (2) national eight (8) hour examinations that must be passed before an individual is conferred the title of professional engineer PE) and is, by law, allowed to practice engineering as a licensed professional. The examination was administered on the above-referenced date by DCRA's Board of Professional Engineering through and under the supervision of DC Government employee and DCRA Testing Coordinator Rita Jordan. In January 2003 Cobb recieved notice that he recieved a passing score on said exam and was later made aware that Horace D. Ward had spread false and stigmatizing rumors within Cobb's community and among Caltrans' personnel specifically - scour mitigation engineer Sharon Ropp - that the Plaintiff had acted dishonestly (during the course of the EIT) in order to obtain a passing score.

(52)

On May 25, 2003 plaintiff packed his personal belongings into his 1991 Toyota Corolla and began his twenty-four hundred (plus/minus) mile drive to California's Capital city: Sacramento. Plaintiff entered Sacramento proper on May 29, 2003 and stayed overnight at the Days Inn Discovery Park hotel. At approximately 8:00 am Pacific standard time Plaintiff recieved telephone call from his father asking Plaintiff to call a Laura Luce-Rafferty of Caltrans Division of Maintenance. Senior Cobb gave plaintiff Ms. Rafferty's work number before ending the call. Plaintiff called Ms. Rafferty shortly after conversation with father and asked to meet with her the next day — i.e., Friday May 30, 2003 at the Caltrans headquarters building in downtown Sacramento.

(53)

On May 30, 2003 Rafferty relayed to Cobb that she was told by Steven D. Jaques (P ) to make sure Plaintiff came back.

C. <u>June 2003 — May 1, 2005</u>

(54)

On June 2, 2003 Plaintiff reported to the Office of Hydrology and Hydraulics and was told by Caltrans personnel that Charles J. Ineichen had replaced Steven D. Jaques as the Chief of the Local Agency Scour Evaluations branch thus making him Plaintiff Cobb's immediate supervisor. Plaintiff had met Mr. Ineichen when Mr. Ineichen was an employee of

Scour Mitigation branch Chief Steve Ng; and prior to his promotion from Transportation Engineer (Civil) - Range D to Senior Bridge Engineer.

(55)

On June 6, 2003 Plaintiff's immediate supervisor directed Cobb to use Federal-aid Eligibility (FAE) Code 2 - activity not eligible for federal reimbursement - when logging his working hours. Plaintiff used FAE 2 as directed by his immediate supervisor and recorded approximately 1200 working hours on his time sheets which were reviewed and approved by Ineichen and State of California Department of Transportation State Maintenance Bridge Engineer Barton Newton, P.E.

(56)

On August 4, 2003 Plaintiff's immediate supervisor directed Plaintiff to prepare a bridge status report - i.e., "File Summary" for a bridge owned by San Diego County that had been closed to traffic using inaccurate inspection data. See section 35754, California Vehicle Code. Bridge was reassigned to Shane Stirling (IP ).

(57)

On September 11, 2003 Plaintiff's immediate supervisor directed Plaintiff to prepare report for a bridge owned by Madera County using fictitious data. Plaintiff objected. Supervisor's response: everybody does it.

Cbbdnld@yahoo.com

(58)

November 20, 2003 immediate supervisor directed Plaintiff to confirm, based on a digital image, that Scour Countermeasures had been installed at the site of a Tulare County bridge; and to prepare a report stating that said bridge was no longer unstable - i.e., Scour critical. See Bridge Scour and Stream Instability Countermeasures, Hydraulic Engineering Circular No. 23 (2001), FHWA.

(59)

On November 20, 2003 in the County and City of Sacramento, California in the Office of Hydrology and Hydraulics building located at 1891 Alhambra Boulevard the following State of California Department of Transportation personnel made a Collective decision (See California Business and Professions Code Section 6775) to expose the travelling public to unnecessary risk of harm by failing to implement or have installed any Countermeasure, 23 USC 144(2)(C)(A),(2)(D), after being made aware by Andy Hsu, P.E. and Xing Fang, P.E., both seasoned Area Bridge Maintenance Engineers (ABME)

An ABME, among other things, determines the physical Condition of a bridge so repairs, improvements or replacements can be recommended when necessary - see Recording and Coding Guide for the Structures and Appraisals of the Nation's Bridges, FHWA

that the Lytle Creek bridge in San Bernandino County was in a dangerous Condition - i.e., scour critical: Anthony Gigino, P.E., Permits/Ratings branch chief; W. John Baker, P.E., Transportation Engineer - Civil, Geotechnical Support, Scour Critical Program; Kevin Wall, P.E., Bridge Restoration and Replacement Program manager; Steve Ng, P.E., Scour Mitigation branch Chief; Kevin Flora, P.E., Scour Evaluations branch Chief; Yihwin Huang, P.E. - Scour Evaluations branch; David Stoughton, P.E., Hydrology/Hydraulics Engineer.

Cbbdnkd@yahoo.com

(60)

On November 20, 2003 Plaintiff Cobb's immediate supervisor, during the course of a telephone conversation, outlined in detail to a [Johnny] Wong, an engineer with Tulare County how Mr. Wong could circumvent federal regulations for the purpose of improperly obtaining federal-aid dollars.

(61)

On November 20, 2003 Plaintiff recieved an unanticipated and atypical phone call from Horace O. Ward (IP ). Mr. Ward, who the Plaintiff had not heard from for months, wanted to know about Cobb's work environment.

January / February 2004 Plaintiff learned of Scour Evaluations branch personnel falsely stating the number of hours spent working on items related to the State of California's federally-funded Scour Critical Program. Subsequently Plaintiff Cobb was ordered by his immediate supervisor Charles J. Ineichen, P.E., Hydraulics Office Chief William B. Lindsey, P.E., and the State of California's State Maintenance Bridge Engineer Barton Newton, P.E. to engage in fraudulent activities related to the United States Department of Transportation Highway Bridge Program, 23 USC 144, by falsely reporting the number of working hours he had used in performing tasks related to the State's federally-funded Scour Critical

Program. Simply stated change the Federal-aid eligibility Code on his timesheets to 1-activity eligible for Federal reimbursement. This was not dissimilar to what Plaintiff was ordered to do doing the Fiscal Year of 1996 by State of California Department of Transportation District 10 Design Office B Chief Louis Donada, P.E. and Mr. Donada's project engineer Michael D. Hutchinson, P.E. However in FY 2004 unlike FY 96 Cobb was fully aware of the distinction between FAE 1 and 2.

(62)

March 1 to March 5, 2004 plaintiff was approximately one hundred sixty-five (165) miles South of Sacramento in Fresno County with the ABME for that municipal planning area, 23 USC 134 (a)(D).

(63)

March 12, 2004 Plaintiff met with then-State of California Department of Transportation Design and Technical Office Chief and American Association of State and Highway Transportation Officials (AASHTO) Subcommittee on Bridge and Structures Coordinator Roberto LaCalle. Plaintiff discussed with LaCalle on above-referenced date the possibility of having a meeting between LaCalle, Cobb and Cobb's former

Supervisor then-Caltrans Capital Outlay Support-Hydraulics (COS)

COS generate preliminary reports that are incorporated into Advance Planning Studies (APS) which are reviewed by Caltrans bridge designers. See 23 Part 650 subpart C Section 650.111, .115, .117; California Streets and Highways Code section 131(c)-(d)

branch Chief Steven D. Jaques and others in order to express his concerns regarding the prohibited conduct of Hydraulics Office personnel who had knowingly manipulated, impaired and transmitted inaccurate bridge inspection data to the Federal Highway Administration - an agency of the United States Department of Transportation - and regional governmental entities.

23 CFR part 650 subpart D, section 650.407

(64)

March 18, 2004 Plaintiff Cobb contacted, via electronic mail, Caltrans assistant Maintenance Program manager Michael (Mike) Evans requesting his presence at proposed meeting. Ibid P. Meeting never materialized.

(65)

March 30, 2004 Plaintiff met with Caltrans deputy director of Maintenance and Operations Randy Iwasaki. During the course of their meeting Cobb told Mr. Iwasaki about the apparent randomness in which Hydraulic Office personnel

were classifying bridges as being stable, unstable or having an unknown foundation - i.e., U. See IP . Mr. Iwasaki, who would later be promoted to chief deputy director, CAL. GOV'T CODE § 14006 then director, id. 003, in response told Cobb that he would have Barton Newton - the State's state Maintenance Bridge Engineer - meet with Cobb to address his concerns.

April 7, 2004 Plaintiff Cobb presented to Barton Newton the names of two individuals that Cobb felt would listen objectively to what was said during the meeting Iwasaki was to arrange. Said meeting never materialized.

April 20, 2004 Plaintiff recieved first of three adverse actions calling for a five percent reduction in Cobb's pay for a period of ten (10) months.

May 16, 2004 Plaintiff sent letter via UPS to Caltrans Maintenance Program manager, 23 CFR Part 650 subpart C § 605.305 Concerning dubious bridge inspection data.



On or about May 28, 2004 plaintiff recieved the following bridges owned by the Tehama County Transportation Commission from "Charlie" [Ineichen] via Shane Stirling Bridge Number 08C-0036; 0056; 0077; 0084; 0162

cobbdonld@yahoo.co

to evaluate for scour.

(67)

July 12, 2004 Plaintiff Cobb's disciplinary hearing is rescheduled by othe

July 16, 2004 Caltrans director, CAL. GOV'T CODE § 14003, Tony Harris, separated from department

(68)

August 3, 2004 California State Personnel Board ("SPB"), CAL. CONST. art. VII, § 2(a) (1998), through administrative law judge Barbara Brecher upheld State of California Department of Transportation decision to reduce Cobb's pay by five (5) percent. State's disciplinary action was based on the pretextural reason that Cobb did not complete and submit his timesheets as ordered by supervisory personnel and on other unsubstaniated allegations. SPB in upholding state's action to reduce plaintiff's pay failed to take into consideration that Inerchen's and others orders violated both Federal id. §3729 et seq. and State law West's Ann. Gov. Code, § 19572(f). See Ops. Cal. Atty. Gen. 132, 139 (1953) and that plaintiff Cobb had no legal duty to obey them.

(69)

October 1, 2004 Plaintiff recieved indirectly from Capital Outlay Support-Hydraulics branch Chief Steven D. Jaques, P.E and Senior Transportation Engineer Nick Burmas. P.E. and directly from Transportation Engineer (Civil) - Range D

Devinder Sandhu, P.E. file for Bridge Number 53C-1525; a bridge owned by the County of Los Angeles, California. Said file contained sufficient information to have performed a bridge scour analysis. 23 CFR Subchapter A § 1.36.

(70)

November 2, 2004 Plaintiff informed the office of the California State Auditor of suspected waste and fraud within California Government. CAL. GOV'T CODE § 8546(b).

(71)

November 2, 2004 Plaintiff phoned the American Society of Civil Engineers ("ASCE") and informed organization of State's improper governmental activities.

ASCE is based in Fairfax County Virginia, home of former Fairfax County Board of Supervisors Chairman Thomas P. Davis III (see National Capital Region Transportation Planning Board, Sharpening Our Transportation Funding Priorities, The Region. Vol. 41, 2002 at 24) and is within the boundaries of the Commonwealth of Virginia's 11th Congressional District. ASCE members advise federal, state and local policymakers on issues that effect the National Highway System.

Cobb made call from Sacramento, California while in his work area and well within hearing distance of the State of California Department of Transportation Restoration and Replacement Bridge program manager Kevin Wall, P.E. See 23 CFR Part 650 Subpart D, § 650.40

Cbbdnld@yahoo.com

(72)

On or about November 4, 2004 Plaintiff Cobb is served the second of three personnel adverse actions calling for a 30-working day suspension without pay.

(73)

On December 21, 2004 Plaintiff Cobb returned to Caltrans and was immediately pressured by State of California Department of Transportation Bridge Management Program Advisor Michael B. Johnson, P.E.; Structural Analysis and Management Office Chief Richard Shepard, P.E.; and State Maintenance Bridge Engineer Barton Newton, P.E. to decide between going along with the State of California's open-ended schemes to defraud the UNITED STATES GOVERNMENT of Federal-aid Highway Program dollars, 23 USC § 144, or be stripped of his only source of income and job-related fringe benefits.

(74)

January 5, 2005 Charles J. Ineichen standing between two armed California Highway Patrolman directs Plaintiff Cobb to gather his personal belongings before ordering Cobb off State property.

Cbbdnld@yahoo.com

(75) 

January 12, 2005 Plaintiff recieved third personnel adverse action formally dismissing Cobb from his civil service position with the State of California.

(76)

January 13, 2005 State of California deposited $ 2363.56 into plaintiff Cobb's checking account; State action was done withou Cobb's knowledge. After learning of transaction Plaintiff immediately withdrew amount in kind from checking account and returned it to the State of California. More specific to Caltrans personnel specialist Marcia Schumacher in the form of a cashier's check (no. 002978068) with the following comment the $2363.56 was more than what [he] was due because [his] supervisor had [readjusted] [h]is vacation hours. In response Ms. Schumacher commented that she just record what she is told. Plaintiff suspects and has solid reasons to believe that schumacher was told by former Caltrans Central Region Resource Management District Division Chief and headquarters Budget Program manager Larry P. Barnes to number of vacation hours to assign Cobb.

In 1997 Mr. Barnes begrudgingly helped facilitate Plaintiff Cobb's transfer from Caltrans' District 10 headquarters office (not one of the most welcoming work environments for individuals of African descent like plaintiff Cobb

to its North Region District 3. After transfer was finalized Barnes left the plaintiff with the following caveat: "You have three (3) years".

The Cashier's Check (no. 002978068) was returned to Cobb via USPS.

(77)

February 28, 2005 Plaintiff Cobb hand delivered Cashier's Check no. 002978068 to the office of then-State of California Department of Transportation Chief Financial officer Cindy Mckim. Cobb was met by Ms. Mckim's assistant Sylvia Martell. Cobb told Ms. Martell, in essense, what he had explained to Marcia Schumacher—i.e., that the $ was more than what he was due. Ms. Mckim, who was later appointed Caltrans director, CAL. GOV'T CODE § 14003, by Governor Edmund G. (Jerry) Brown Jr. was sitting in her office, door ajar, during the conversation between Cobb and Martell.

Cbbdnld@yahoo.com

May 1, 2005 Plaintiff packed his '91 Toyota Corolla sedan to capacity before making the plus/minus twenty-five hundred (2500) mile drive from California's Capital City to the Nation's Capital. Cobb arrived in the District of Columbia four days and three nights later.

D. NEAL ALIE

(79)

The State of California through Neal Alie a "wealthy" RE/MAX real estate broker, professional engineer (PE) licensed by the State of California with close ties to the Asian American Community and who likes to be seen in the right places ("I have DC wrapped up") with the right faces (WASH. POST, District Extra, 2006 Primary Voters Election Guide, Sept. 7, 2006 at 4,7,8) and former employee of William B. (Bill) Lindsey, P.E. (David Rosenbaum, Flood sweeps bridge away, Engineering News-Record, 3/20/1995 at 9) travelled the twenty five hundred miles from the County of Sacramento, California to Washington, DC with the specific intent to broadcast false and stigmatizing rumors that Plaintiff Cobb was an individual with subnormal mental development -i.e., "retarded" and recruited others including [Jonetta] Nelson formerly of 1423 D Street NE; Vivian ("Vee") Jefferson of Flippo Construction Company, Inc. and a former resident at 1425 D Street NE; Abraham Johnson of 919 14th St. NE to do the same. In addition, while in the District Mr. Alie

Cbbdnld@yahoo.com

has established relationships with Horace O. Ward, a buyer and seller of real property who resides in the District of Columbia and with Suzette Sidney. A realtor with PenFed Realty - an independently owned and operated member of the Berkshire Real Estate Affiliates.

B. MAY 2005 - PRESENT
(i) JOB SEARCH
(80)

After Cobb was dismissed from his civil service position and back in the District of Columbia he began to look for jobs that were similar in nature to the type of work he had performed while employed in the capacity of Transportation Engineer with the State of California Department of Transportati

Cobb expressed interest in obtaining employment with the Pennsylvania Department of Transportation; Florida Department of Transportation; Delaware Department of Transportation; County of Montgomery, Pennsylvania; Count of Delaware Pennsylvania; County of Hamilton, Ohio; County of Dallas, Texas; County of Jackson, Missouri; County of Hillsborough, Florida; County of Pinellas, Florida; County of Brevard, Florida; City of Tampa, Florida; City of St. Petersburg, Florida; City of Cape Coral, Florida; City of Clearwater, Florida; City of Lakeland, Florida; City of Jacksonville, Florida; City of Independence, Missouri; City of Kansas City, Missouri; City of Canton, Ohio; City of Dayton, Ohio; City of Cincinnati, Ohio; City of Columbus, Ohio; City of Philadelphia, Pennsylvania; Pennoni Associates, Philadelphia, Pennsylvania; Weston Solutions, West Chester, Pennsylvania; Burgess and Niple; Delon Hampton and Associates before

Plaintiff searched for jobs outside of his chosen profession such as with Costco, Target; Sears; Sherman-Williams and Autozone. As of December 17, 2014 Cobb was still unemployed.

(ii)

NATIONAL COUNCIL OF EXAMINERS OF ENGINEERING AND SURVEYING (NCEES) PRINCIPLE AND PRACTICES OF ENGINEERING EXAMINATION (PE EXAM)

The State of California, CAL. BUS & PROF. CODE § 6700, Collaborated with or acted in Concert with the District of Columbia, DC CODE § 47-2853.06(C) (2001) when it issued Plaintiff Cobb a bogus PE exam booklet after Cobb had, in accordance with D.C. law, Title 17, D.C. Municipal Regulations, § 1500, submitted all paperwork and paid all fees. As a result of Defendants wrongful and repeated (October 24, 2003, October 27, 2006) infringement upon Cobb's Fifth Amendment rights and violation of federal statutory, 42 USC § 1983, and state law DC CODE 28-3901 (2001) Plaintiff has been deprived of his Constitutionally protected right to pursue his goal of earning a living in his chosen profession. See Paul Duggan, D.C. police official is subject of allegation over testing, WASH. POST Nov. 21, 2010 at C1

(vii)

On September 12, 2008 Plaintiff Cobb met with Linda Ulrich - Governor Arnold Schwarzenegger's Washington, DC office director - and Ulrich's assistant Eric Swedlen in the lobby off 444 North Capitol Street in Northwest Washington, D.C.; also present was building security guard S[weeny]. Cobb told both Ulrich and Swedlen that he was a former Caltrans worker and that he had informed (prior to being fired from his permanent civil service position) State of California Department of Transportation

director of Maintenance and Operation deputy director Randy Iwasaki, P.E. that maintenance personnel had engaged in activities that had endangered the lives of the travelling public (see 23 USC §§ 116, 144(c); California Streets and Highways Code § 835 and § 965(b); article 9, § 43(b) of the Sacramento County Charter) and at the same time depleted Federal-aid Highway Program funds. See Cause of Action-Count Eight.

(IV)

The State of California through the County of Sacramento made false statements to the District of Columbia and directly or indirectly to its elected and appointed officials that Donald L. Cobb, Plaintiff Cobb, was not the biological father of his son — who has not reached the age of majority, 28 U.S.C. § 158). Then contrarily stated (for the purpose of establishing a pretextural reason to revoke Plaintiff driver's license) that Cobb was derelict in his parenting responsibilities.

The District of Columbia, Adrian Fenty, Vincent Gray, Carol Schwartz et al. being fully aware that the State of California and its political subdivision's pronouncement was false and misleading and in spite of that fact collaborated with said parties by revoking Plaintiff Cobb's driver's license and by doing so foreclosed any and all job opportunities

Cbbdnld@yahoo.com

where having a valid drivers license is required for employment.

U.S. CONST. amend. V.; 42 USC§ 1983

V.

Plaintiff Cobb unemployed with substantial debt as a result of the State of California's et al. retaliatory actions applied to the State's Employment Development Department on May 9, 2009 for unemployment benefits and was subsequently denied by EDD unemployment Compensation. In response Cobb contacted the office of David (Dave) Jones. Mr. Jones a member of the Sacramento City Council (1999 - 2004); assemblyman representing the State of California's 9th Assembly District (2004-2011) and is the State's Insurance Commissioner - succeeding Steve Poizner; who succeeded United States Representative from California's 10th Congressional District John Garamendi - Pictured with Caltrans Senior Transportation Engineer Craig Copelan and Caltrans Area Bridge Maintenance Engineer Joyce Copelan[1] P.E. (SEE EXHIBIT ). Plaintiff's repeated attempts to solicit the legislator's office for assisting him with securing unemployment Compensation were futile.

(1)

Cbbdnld@yahoo.com

STATEMENT OF CLAIMS

COUNT ONE:

VIOLATION OF SECTION 3729(a)(1)(A) through a(1)(C) of TITLE 31, UNITED STATES CODE

Plaintiffs' incorporates as though fully restated herein each of the allegations stated in paragraph 1 through 80 above.

(81)

Prior to and including fiscal year (FY) 2005 for the State of California ~~(81)~~ through June 30, 2012 and from the County and City of Sacramento California Class I defendants directly and indirectly (see California State Senate Bill 45) gambled with the lives of the travelling public and simultaneously improperly secured over $3,124,026,312 in Federal-aid Highway Program funds earmarked for the improvement, maintenance and preservation of the State of California's transportation network ("network"). A network that includes 49.7 thousand (49,700) miles of highway/freeway; hundreds of miles of interstate (see title 23, Section 101 through 103, United States Code) and thousands of bridges owned by Federal, state and local governmental entities. Prior to and including FY 2005 through FY 2012 Class I defendants knowingly, willfully and repeatedly (see Section 164.6 California Streets and Highways Code and section 14526.5 California Government Code)

COUNT TWO

VIOLATION OF 1st CL. of 42 USC 1985(2) through 42 USC 1983 ("§ 1983")

Plaintiffs incorporates as fully reinstated herein each of the allegations stated in paragraphs 1 through 81 above.

(82)

The District of Columbia ("District") collaborated with or acted in concert with the State of California ("California"), Edmund G. Brown, Jr., Arnold Schwarzenegger, William W. Lockyer, Joseph G. Davis, Jr., Peter B. Wilson, Steve Westley, Janice Scully, Larry P. Barnes and Maria Shriver to divert, through Kathleen M. Addison of 2418 Branch Avenue SE and Suzette Sidney of 1417 D Street NE, complaints filed by Plaintiff Cobb on July 16, 2012, May 30, 2013 and June 11, 2013 with this Court from reaching the Attorney General of the United States and subsequently the federal bench.

COUNT THREE

VIOLATION OF 1ST CL. OF 42 USC 1985(3) through § 1983

Plaintiff incorporates as through fully reinstated herein each of the allegations stated in paragraphs 1 through 82 above.

(83)

California, Arnold Schwarzenegger ("Schwarzenegger"), Joseph G. Davis, Jr. ("Davis"), Peter B. Wilson ("Wilson"), Larry P. Barnes ("Barnes") and Maria Shriver ("Shriver") collaborated with or acted in concert with the District and its former attorney general Peter Nickles to implement an un-written discriminatory policy which has prevented Plaintiff Cobb from earning a living in his chosen profession. D.C. MUN. REGS. tit 17 §§ 1691.1, 1599(g)

## COUNT FOUR

VIOLATION OF U.S. CONST. AMEND. V THROUGH § 1983

Plaintiff incorporates as though fully restated herein each of the allegations in paragraphs 1 through 83 above.

(84)

The District, its corporate officers (present and former), specifically Vincent C. Gray ("Gray"), Phil Mendelson ("Mendelson"), Jim Graham ("Graham"), Jack Evans ("Evans"), Mary Cheh ("Cheh"), Muriel Bowser ("Bowser"), Tommy Wells ("Wells), Yvette Alexander ("Alexander"), Adrian Fenty ("Fenty"), Anthony Williams ("Williams"), Linda Cropp ("Cropp"), Carol Schwartz ("Schwartz"); appointed officials (present and past) specifically Nathan Irving ("Irving"), Cathy Lanier ("Lanier"), Linda Argo ("Argo"), Patrick J. Canavan ("Canavan") and others acting under color of law, D.C. MUN.REGS. tit. 17, sect. 1502.2.4, specifically Eugene M. Bentley III, Howard Gibbs, Kenneth Davis and with the knowledge and consent of former Congressman Thomas P. Davis III, U.S. Representatives Henry Waxman and Christopher Van Hollen have infringed upon Plaintiff Cobb's liberty interest by enacting an informal policy that has deprived Cobb of his constitutionally protected rights under U.S. Const. amend. V, XIV; 42 USC 1983, to earn a living in his chosen profession.

Cbbdnld@yahoo.com

COUNT FIVE

VIOLATION OF THE 1st CLAUSE OF 42 USC 1985(3) through § 1983

Plaintiff incorporates as though fully restated herein each of the allegations in paragraphs 1 through 84 above.

(85)

California, Schwarzenegger, Davis, Wilson, Barnes, Shriver collaborated with or acted in concert with the District and its former Chief law officer Peter Nickles ("Nickles") and violated Cobb's Constitutionally protected liberty and property interest under § 1983 by revoking Plaintiff's driver's license on obstensible legal grounds thus depriving Cobb of any job opportunities where having such a license is required for employment. EXHIBITS

COUNT SIX

Deprivation of Plaintiff's Due Process Rights Under § 1983

Plaintiff incorporates as though fully restated herein each of the allegations in paragraphs 1 through 85 above.

(86)

The District, Gray, Mendelson, Graham, Evans, Cheh, Bowser, Wells and Alexander infringed upon Plaintiff Cobb's Civil rights in violation of § 1983 by revoking Cobb's driver's license for reasons not based on any recognized rule of law. As a result of Gray et al. unlawful acts Plaintiff Cobb has been excluded from any

cbbdnld@yahoo.co

# COUNT SEVEN

CIVIL RIGHTS VIOLATIONS UNDER § 1983; INFRINGEMENT OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO SPEAK OUT ON A PUBLIC WRONG; WRONGFUL TERMINATION IN VIOLATION OF CALIFORNIA PUBLIC POLICY; DENIAL OF PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS UNDER § 1983 and CALIFORNIA STATUTORY LAW (CAL. GOV'T CODE §§ 11507.5, 11507.6) WITH RESPECT TO PERSONNEL ADVERSE ACTIONS.

Plaintiff incorporates as fully restated herein each of the allegations in paragraphs 1 through 86 above.

(87)

Plaintiff reported fraud and waste within California Governmen to authorities. As a result of plaintiff's disclosures protected under both Federal (U.S. CONST. amend. I) and State (CAL. CONST. art. I § 2) and California public policy CAL. GOV'T CODE § 12653 (b) plaintiff was wrongfully terminated from his permanent civil service position without being afford a full and fair deprivation hearing.

# COUNT EIGHT

VIOLATION OF THE FIRST CLAUSE OF 42 USC 1985(3) through § 1983

Plaintiff Cobb incorporates as fully restated herein each of the allegations in paragraphs 1 through 87 above.

cbbdnld@yahoo.com

Donald L. Cobb brings Count Eight of this Action on behalf of Henrietta JONES (Plaintiff Jones) formerly of 1326 East Capitol Street NE, Washington, DC, 20003

The municipal Corporation known as the District of Columbia Collaborated with or acted in Concert with the State of California and the following individuals with respect to the subject matte of Count Eight of this Action : Edmund G. (Jerry) Brown Jr., State of California Governor and former attorney general of the State of California (People of the State of California v. William Arthur Sassman II); former State of California Governors Arnold Schwarzenegger, Joseph G. (Gray) Davis Jr.; Peter B. (Pete) Wilson ; William W. (Bill) Lockyer, State of California Treasurer and former attorney general of the State of California, CAL. CONST. art. V § 13, ; Larry P. Barnes, former State of California Department of Transportation Budget Program - manager

(88)

Henrietta JONES a long-time federal government worker and DC resident was fully aware of the following facts : (1) the circumstances that caused Plaintiff Cobb to exhaust his vacation / personal leave credits twenty-seven (27) working

cobbdnld@yahoo.com

days prior to taking a planned one-year unpaid leave of absence (2) that the State of California had engaged in fraudulent activities [ related to the United States Department of Transportation Federal Highway Administration's Federal-aid Highway Program ] ; as was then- United States Representative Thomas P. Davis from Virginia's 11th Congressional District (3) the real, not pretextural, reason Cobb had been fired from his permanent State Civil Service position (4) that Cobb had confided in a pastor with the Catholic Archdiocese of Sacramento, California concerning the State of California's improper governmental activities (5) that the State of California through Neal Alie, Horace O. Ward and others had dissemenated false, injurious and stigmatizing rumors regarding Donald L. Cobb's mental prowess and integrity within California State government and throughout the municipal Corporation known as the District of Columbia ; as a direct consequence of PLAINTIFF JONES being fully aware of the FACTS with respect to Count Eight of this Action Corporation, Governmental entity and Persons willfully violated the Plaintiff's Constitutionally protected procedural due process rights with respect to § 1983

Cbbdnld@yahoo.com

by depriving <u>JONES</u> of her <u>liberty</u> and <u>Property</u> interest without affording the Plaintiff a pre-deprivation hearing to express her objections.

Obbdnld@yahoo.com

REQUEST FOR MONETARY RELIEF AND JUDICIAL DECREE

Plaintiffs' solicits the District Court for the following judicial edict and monetary relief;

1. Enter a judgment in Plaintiffs' favor and against Class I defendants for adverse parties repeated violations of § 3729 of the False Claims Act;

2. Enter a judgment in Plaintiffs' favor and against the State of California and the District of Columbia for violations of the First Clause of 42 USC § 1985(2); 42 USC § 1983(2) through § 1983;

3. Enter a judgment in Plaintiff Cobb's favor and against the State of California, the District of Columbia and the following persons in their individual capacities for violating the First Clause of 42 USC 1985(3): Schwarzenegger, Davis, Wilson, Westley, Barnes, Nickles; 42 USC § 1985(3) through § 1983;

4. Enter a judgment in Plaintiff Cobb's favor and against the District of Columbia and the following persons in their official and individual capacities for infringing upon Plaintiff Cobb's liberty and property interest

Cobbdnld@yahoo.com

PREPARED BY

DATE

protected under the Due Process Clause of the Fifth Amendment and federal Statutory law, U.S. CONST. amend V; 42 USC § 1983 : Gray; Irving ; Mendelson ; Graham ; Evans ; Chen ; Bowser ; Wells ; Alexander ;

5. Enter a judgment in favor of plaintiff Cobb and against the District of Columbia and against the following individuals in their official and individual capacities for infringement on Cobb's constitutionally protected liberty interest, US CONST amend. V ; 42 USC 198 Gray ; Mendelson ; Graham ; Evans ; Gibbs ; Davis ; Bentley ; Argo ; Canavan ; Bowser ; Chen ; Wells ; Alexander ; Fenty ; Williams ; Cropp ; Schwartz ; Jordan

6. Enter a judgent in favor of Plaintiff Cobb and against the State of California and against Arnold Schwarzenegger in former official capacity of California governor for violation of the first Clause of 42 USC § 1985(2)

Cbbolnld@yahoo.com

7. Enter a judgment in favor of plaintiff Cobb and against the State of California for infringement of Cobb's First Amendment right of free speech in violation of the Civil Rights Act (42 USC § 1983) and procedural due process rights with respect to personnel adverse actions

Cobbdnld@yahoo.c

8. Enter a judgment in Plaintiff Cobb's favor and against the District of Columbia (a municipal Corporation) and the State of California for violation of Plaintiff Jones' procedural due process rights protected under the Fifth and Fourteenth Amendment.;

9. A sum of nine billion, one hundred twenty-four million, seventy-eight thousand, one hundred thirty-six dollars ($ 9,124,078,136) to the United States Government plus other Cost incurred by the United States to bring this Action. 31 USC 3729(1)(a)(G), 3729(3);

10. Fifteen percent ($ 468,603,946.8) to thirty percent ($ 937,207,893.6) of the Government's recovery before penalties to Plaintiff Cobb plus reasonable attorney fees and Cost and expenses incurred by Cobb to bring this Action on behalf of the United States ;
31 USC 3730(d)(1)(b), d(2);

11. Two Times Plaintiff Cobb's backpay ($ 3,542,040.00), interest on backpay ($ 88,551 – 5% Cost of living adjustment on $ 1,771,020) and Compensation for special damages ($ 532,358.75)
California Government Code section 12653(c);

cbbdnld@yahoo.co

12. A sum of $ 95,168.75 from the District of Columbia and the State of California - i.e., $ 95,168.75 each to Plaintiff Cobb for violation of § 1985(2) through § 1983;

13. A sum of $ 95,168.75 from the District of Columbia; a sum of $ 95,168.75 from the State of California; and a sum of $ 95,168.75 from each of the following individuals to Plaintiff Cobb for violation of § 1985(3) through § 1983 : Vanice Scully Schwarzenegger, Wilson, Davis, Barnes, Nickles;

14. A sum of $ 95,168.75 from the District of Columbia and a sum of $ 95,168.75 from each of the following individuals to Plaintiff Cobb for violation of § 1983 : Gray, Mendelson, Graham, Evans, Cheh, Bowser, Wells, Alexander, Fenty, Williams, Cropp, Schwartz, Irving, Lanier, Argo, Canavan, Bentley, Gibbs, Davis

15. A sum of $ 95,168.75 from the District of Columbia, a sum of $ 95,168.75 from the State of California and a sum of $ 95,168.75 from each of the following individuals to Plaintiff Cobb for violation of § 1985(3) through § 1983 - i.e., unlawful revocation of plaintiff's

cobbdnld@yahoo.com

driver's license : Schwarzeneggar, Davis, Wilson, Barnes, Nickles;

16. A sum of $ 95,168.75 from the District of Columbia and a sum of $ 95,168.75 from each of the following individuals to Plaintiff Cobb for violation of $ 1983 – i.e. unlawfully revoking plaintiff's driver's license: Gray, Mendelson, Graham, Evans, Cheh, Bowser, Wells, Alexander

17. A sum of $ 95,168.75 from the State of California to plaintiff Cobb for violation of Plaintiff's First Amendment rights.

18. An award to Plaintiff Jones' next of kin and favorite charity for an amount to be determined by the time of trial for Defendants' flagrant violation of Jones' Constitutionally protected rights under the Fifth and Fourteenth Amendment.

Cbbdnld@yahoo.com

19. Punitive damages for the product of ten times Ninety-five thousand, One hundred sixty-eight dollars and seventy-five cents ($951,687.5) from Arnold Schwarzenegger to Plaintiff Cobb.

20. Punitive damages for an aggregate sum of one hundred twenty-two thousand, seven hundred twenty-five dollars and ten cents ($122,725.1) from Steve Westley, Joseph G. Davis, Jr., Peter B. Wilson, Larry P. Barnes

21. In order to see that justice is served Plaintiffs' request from this Court a Writ of Mandamus to order the State of California to hire an independent party (or parties) to perform a second study concerning the possible factors that caused the two Interstate 5 bridges over the Los Gatos Creek to collapse; and that the investigators submit a full and thorough written report to the U.S. Department of Transportation based on their findings.

I declare under Penalty of Perjury that the Foregoing is true and Correct.

Executed on December 26, 2014

Donald L. Cobb, Plaintiff
Title 31, Section 3730(b)(1),
United States Code

Cbbdnld@yahoo.com

UNITED STATES DISTRICT COURT

for the

DISTRICT of COLUMBIA

MOTION FOR COURT'S APPROVAL OF MAILING ADDRESS

Plaintiff is presently staying at 1326 East Capital Street NE, Washington, DC 20003 and seeks this Court's approval to allow him to use the address where he formerly domiciled — i.e., 1421 D Street NE, Washington, D.C. 20002 as his mailing address with respect to this False Claims Action.

Donald L. Cobb, Plaintiff 31 USC § 3730 (b)(1)

December 29, 2014