FILED
FEB - 4 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONALD L. COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:15-cv-00176 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 2/4/2015 |
| ) | Description: Pro Se Gen. Civil |
| STATE OF CALIFORNIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff purports to bring a claim under the False Claims Act, *see* 31 U.S.C. § 3729, *et seq*. Generally, "[t]he False Claims Act subjects to liability any 'person' who, among other things, 'knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval.'" *Williams v. Dep't of Corr.*, No. C13-5505, 2013 WL 3305485, at *2 (W.D. Wash. June 27, 2013) (quoting 31 U.S.C. § 3729(a)). A *pro se* party, however, may not file such an action. *See Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) (per curiam) ("The district court properly dismissed appellant's complaint because a pro se plaintiff may not file a *qui tam* action pursuant to the False Claims Act . . . ."); *U.S. ex rel. Fisher v. Network Software Asssocs.*, 377 F. Supp. 2d 195, 197 (D.D.C. 2005) ("The Court therefore holds that plaintiff may not maintain this suit as a *qui tam* relator without the assistance of counsel."). In an action under the False Claims Act, "the real party in interest . . . is the United States," *U.S. ex rel. Fisher*, 377 F. Supp. 2d at 196 (citation omitted), and a *pro se* "plaintiff is not qualified as a lay person to represent the interests of the



3

United States in court proceedings," *Rockefeller v. Westinghouse Elec. Co.*, 274 F.Supp.2d 10, 16 (D.D.C.2003); *see Bell v. Persons Acting as United States Parole Comm'n*, No. 08-0633, 2008 WL 1700600, at *1-2 (D.D.C. Apr. 11, 2008).

Insofar as plaintiff attempts to bring civil rights claims under 42 U.S.C. § 1983 against current and former elected officials and employees of the District of Columbia, the Court dismisses the complaint without prejudice. The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it too "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). As drafted, the complaint fails to meet these requirements. Specifically, it fails to articulate adequately "a claim under § 1983," which requires a plaintiff to allege "the violation of a right secured by the Constitution and laws of the United States, and [to] show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court declines to exercise supplemental jurisdiction over plaintiff's common law claims.

An Order accompanies this Memorandum Opinion.

DATE: January 30, 2015

United States District Judge